IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| BYRON DE LEON ROSALES, | * | |
| Petitioner, | * | |
| v. | * | |
|   | * | Civil No. 26-393-BAH |
| VERNON LIGGINS ET AL., | * | |
| Respondents. | * | |
|   | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Upon consideration of the Petition for Writ of Habeas Corpus, ECF 1 (the "Petition"), the joint notice, ECF 6, and the entire record in this case,[1] good cause having been shown, it is hereby,

**ORDERED**, that the Petition is **GRANTED** in part, insofar as the Court finds that Petitioner is entitled to the relief set forth below, and is **DENIED** as to any further relief at this time:

---

[1] The Court incorporates the arguments made by Respondents in *Lopez Lopez v. Noem*, Civ. No. 26-0008-BAH and *Cardona y Cardona v. Noem*, Civ. No. 25-2262-ABA, as requested. However, the Court notes that it finds the arguments raised in *Cardona y Cardona* irrelevant here. In that case, the petitioners sought habeas relief on the basis that their arrest violated the Fourth Amendment. *See* ECF 1 and ECF 8 in Civ. No. 25-2262-ABA. Judge Abelson dismissed the petition finding that it essentially challenged the commencement of removal proceedings and, thus, that the Court did not have jurisdiction under 8 U.S.C. § 1252(g). *See* ECF 12 in Civ. No. 25-2262-ABA. Here, "[t]he Parties note that Petitioner does not raise a Fourth Amendment unlawful arrest claim [] and that *Cardona y Cardona* was decided before *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025)." ECF 6, at 1 n.1. While noting that he has not yet been served with a Notice to Appear commencing removal proceedings, *see* ECF 1, at 15 ¶ 62, Petitioner does not challenge the commencement or adjudication of removal proceedings. Rather, he challenges the lawfulness of his detention, purportedly under 8 U.S.C. § 1225(b). *See id.* at 12–17. Thus, for the same reasons as in *Lopez Lopez v. Noem*, Civ. No. 26-0008-BAH, *Ailon-Lopez v. Bondi*, Civ. No. 26-160-BAH, *Arevalo-Ixam v. Noem*, Civ. No. 26-081-BAH, *Baicu v. Baker*, Civ. No. 26-202-BAH, and *Vicente Romero v. Bondi*, Civ. No. 26-219-BAH, the Court grants the petition as set forth.

1. Respondents are ENJOINED from detaining Petitioner under 8 U.S.C. § 1225(b);

2. Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to, and shall seek, a bond hearing consistent with that statute and 8 C.F.R. §§ 236.1(d), 1003.19 and 1236.1(d);

3. A bond hearing shall be held within ten (10) days of the Petitioner's filing of a motion with the Immigration Court;

4. The bond hearing under § 1226(a) must be conducted by an Immigration Judge with jurisdiction or administrative control over Petitioner's detention and removal proceedings, and the hearing must comply with in all respects with the regulations at 8 C.F.R. §§ 236.1(d), 1003.19, 1236.1(d) and any attendant process available pursuant to these provisions;

5. If bond is granted and Petitioner is released, nothing in this order precludes ICE from imposing reasonable conditions of release;

6. If Petitioner is not provided with a bond hearing before an immigration judge within ten (10) days of his filing a motion with the Immigration Court, Respondents shall release Petitioner from custody with reasonable conditions, which may include the requirement that Petitioner appear for a bond hearing at an Immigration Court in Maryland;

7. The parties shall provide this Court with a Status Report within twenty (20) days of this order;

8. Petitioner's request for attorney's fees and costs is denied; and it is further

3

**ORDERED**, that the Court shall **RETAIN** jurisdiction of this matter to enforce compliance with this order.

Dated: February 2, 2026  
　　　　　　　　　　　　　　　　　　　　　　　／s／  
　　　　　　　　　　　　　　　　　　Brendan A. Hurson  
　　　　　　　　　　　　　　　　　　United States District Judge

Case 8:26-cv-00393-BAH    Document 7    Filed 02/02/26    Page 3 of 3