IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| BYRON DE LEON ROSALES, | * | |
| Petitioner, | * | |
| v. | * | |
| | * | Civil No. 26-393-BAH |
| VERNON LIGGINS ET AL., | * | |
| Respondents. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ORDER

On February 2, 2026, the Court granted Petitioner Byron De Leon Rosales's Petition for Writ of Habeas Corpus and ordered, *inter alia*, that a bond hearing must be held within ten (10) days of Petitioner's filing of a motion with the Immigration Court. ECF 7, at 2. Last night, Petitioner filed a motion seeking immediate release from custody so that he can attend his bond hearing, which is scheduled for 10 a.m. on Friday, February 6, 2026, in Hyattsville, Maryland. ECF 8, at 2; ECF 8-3, at 1 (notice of custody redetermination hearing). Petitioner alleges that he has been detained since January 29, 2026, in the Baltimore Hold Room located at 31 Hopkins Plaza, 6th Floor Baltimore, MD 21201. ECF 8, at 1-2. Petitioner notes that "the Baltimore Hold Room is not equipped to continue detaining him for four additional days" as "[c]ountless news reports, eyewitness accounts, and Congressional oversight of the Baltimore facility firmly establish that the detainee conditions and treatment are exceptionally inadequate and harmful to detainee wellbeing." *Id.* Respondents responded, disagreeing with the characterization of the conditions of the Baltimore Hold Room, but "for purposes of this Motion only, Respondents will not oppose the relief requested, *i.e.*, Petitioner's immediate release pending his upcoming bond hearing in the

Hyattsville Immigration Court." *See* ECF 10, at 1. Due to Respondents' non-opposition and for the reasons noted below, the motion is **GRANTED**.

For the reasons noted in the motion, Petitioner's current housing placement in Baltimore is unsuitable and he must be relocated to a facility equipped for long-term stays. However, it would be impractical, if not impossible, for authorities to transfer Petitioner to such a facility and then return him to Hyattsville in time for his hearing scheduled to occur this Friday. To the extent he can attend his hearing remotely, Petitioner's transfer to another facility—likely out of state—would interfere with his ability to prepare for his hearing and to consult with counsel. As Judge Gallagher recently noted in a case presenting similar circumstances to this one, "this Petitioner, unlike many others who present to this Court, remains detained in Maryland . . . and [] transporting him to a remote detention facility simply impairs his ability to consult with counsel before his pending bond hearing . . . ." *See Vasquez Sanchez v. Noem*, Civ. No. 26-00331-SAG, ECF 11, at 1 (entered January 30, 2026). The Court agrees that as in *Vasquez Sanchez*, immediate release is the appropriate remedy to ensure Petitioner can prepare for and attend Friday's hearing.

The Court also notes that it appears undisputed that "Petitioner has no criminal history in the United States," "has strong community ties to Maryland," was "gainfully employed" prior to his detention, "and lives together with his partner and their three U.S. citizen children in Hyattsville, Maryland." ECF 1, at 11–12. Thus, Petitioner presents no apparent danger to the community and has a strong interest in remaining in Maryland to pursue relief in immigration court, particularly since he has a hearing scheduled for later this week and has retained counsel to assist him at that hearing.

For these reasons, and those noted in the motion for immediate release, ECF 8, it is hereby **ORDERED** that the motion for immediate release is **GRANTED** and:

1. Respondents are ordered to **IMMEDIATELY RELEASE Petitioner Byron De Leon Rosales from custody**, subject to appropriate conditions including his attendance at his bond hearing scheduled for Friday, February 6, 2026;

2. Respondents are reminded that, pursuant to the Order entered at ECF 7, Petitioner was detained under 8 U.S.C. § 1226(a), and not § 1225 and is entitled to a bond hearing consistent with 8 C.F.R. §§ 236.1(d), 1003.19 and 1236.1(d);

3. Petitioner's counsel is to provide an update by Friday at 5:00 p.m. as to whether Petitioner received a bond hearing; and

3. The Court shall **RETAIN** jurisdiction of this matter to enforce compliance with this order.

Dated: February 3, 2026

/s/
Brendan A. Hurson
United States District Judge